**Jack F. RHODE et al., Plaintiffs,**

v.

**HERSHBERGER EXPLORATIONS, INC., a corporation, and Stephen C. Heidecker, Defendants.**

**No. 4–71 Civ. 363.**

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 17, 1972.

Mackall, Crounse & Moore, by Roger V. Stageberg, Minneapolis, Minn., for plaintiffs.

Fredrikson, Byron, Colborn, Bisbee, Hansen & Perlman, by Jerome B. Pederson, Minneapolis, Minn., for defendants.

NEVILLE, District Judge.

This suit was brought under the 1933 Federal Securities Act and also under Rule 10b-5 promulgated pursuant to the 1934 Federal Securities and Exchange Act, by three separate investors [1] seeking

---

1. Interests were sold by defendants in fractions of one-tenth and two plaintiffs, Allen S. and Howard L. Greenstein, jointly bought a one-tenth interest. For purposes of trial they were treated jointly as one of the three plaintiffs.

to recover the amount they paid toward an oil well venture in the State of West Virginia promoted by the defendants. The offering was duly registered with the Minnesota Securities Commission and so far as the evidence showed sales took place only in the State of Minnesota. No registration was effected with nor apparently required by, the Federal Securities and Exchange Commission. The case was tried before a jury, and a verdict of $6,500 was returned for each plaintiff on August 10, 1972. Defendants have moved for a judgment n. o. v. and in the alternative for a new trial. Plaintiffs, in addition to opposing the defendants' motions, have moved to be permitted to tax certain additional costs and for prejudgment interest. The parties have agreed that if the verdict is sustained, each plaintiff's recovery at least must be reduced by $318.69, the amount of money received from defendant Hershberger as a return investment.

The court disagrees with defendants' assertions regarding certain items of testimony. Defendants contend that it was prejudicial error to prohibit them from inquiring into plaintiffs' individual and outside personal income. This line of questioning was designed to lend credence to defendants' claim that the plaintiffs were primarily interested in tax shelter benefits and not in a cash return on their investment. The prejudicial effect of such testimony outweighs any possible probative value. Plaintiffs Rhode and Rovick apparently have substantial incomes and to reveal directly these incomes to the jury could easily adversely sway their opinion and would add no relevent evidence to the case. Defendants in effect offered to prove and requested an instruction to the jury to the effect that plaintiffs or at least two of them, had substantial incomes; that under the present Federal income tax laws an oil or gas well investment loss, or a substantial portion thereof, may be deducted in a taxpayer's income tax return; that the "tax shelter" concerning which plaintiffs Rhode and Rovick testified at some length, thus really does not leave plaintiffs suffering the total loss

"for the government in effect pays a substantial portion of it by allowing a tax deduction". This argument is fallacious. To the extent recovery is had, amended income tax returns will have to be filed to counteract the loss in the year deducted, or in some way the recovery included in a current tax return as ordinary income. Further, to allow this argument would permit any debtor, for instance, when sued on a simple account receivable by a corporation, to assert that the "bad debt" loss or deduction allowed the corporation really reduces its net loss and therefore the debtor's liability should be only for the debt less the amount of income tax deductible loss to plaintiff. This argument is circuitous and is so obviously without merit as to require no further comment.

It is clear from the evidence that in any event plaintiffs were interested in cash returns, the tax aspects of the transaction notwithstanding. The court's refusal to allow this testimony could not be prejudicial error.